IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN MICHAEL CURRY and
JEAN CURRY,

           Plaintiffs,

v.                                                            CIVIL  ACTION  NO.  3:11-0669

KAREN G. LO and
HUNTINGTON INTERNAL MEDICINE GROUP, INC.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

From May 26 until September 4, 2009, Doctor Karen G. Lo, an employee of Huntington Internal Medicine Group ("HIMG"), treated Plaintiff John Michael Curry, for a wound on his right foot. On September 11, 2009, Plaintiff went to the Cabell Huntington Hospital Center for Wound Healing where a new doctor diagnosed him with an ulcer and infection. Mr. and Mrs. Curry allege that Dr. Lo breached the standard of care by failing to diagnose a life threatening arterial disease, failing to order appropriate screening tests, and improperly treating Mr. Curry's wound. They are suing Dr. Lo personally and HIMG as Dr. Lo's employer, and HIMG has moved to dismiss Plaintiffs' claims based on a violation of the pre-suit notification requirements of the West Virginia Medical Professional Liability Act ("MPLA").

The facts pertinent to HIMG's motion to dismiss are as follows: On August 24, 2011, Plaintiff served a notice of claim on both defendants. The notice of claim invoked W. Va. Code § 55-7B-6(d) which allows the Plaintiff sixty days within which to file the screening certificate which

would otherwise have to accompany the notice of claim. On September 26, 2011, Plaintiff filed the screening certificate. On September 28, 2011, Plaintiff filed Civ. A. No. 3:11-cv-00669. One month later, on October 28, 2011, Plaintiff filed a duplicate action, Civ. A. No. 3:11-cv-00803, out of an abundance of caution and alleged uncertainty regarding the tolling of the statute of limitations under the MPLA. On December 15, 2011, this Court consolidated the two cases for administrative purposes pursuant to Fed. R. Civ. P. 42(a)(2). HIMG consented to consolidation on the condition that it be for administrative purposes and would not prejudice their motion to dismiss.

## II. Mootness

Plaintiffs filing of the second action has mooted Defendant's Motion to Dismiss. "The central question [of mootness doctrine] is constant—whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties." 13B Charles Alan Wright et al., Federal Practice and Procedure § 3533 (3d ed. Supp. 2011). The existence of the second action, and not the administrative consolidation, means that judicial resolution of the merits of HIMG's motion would not have an impact on the parties or on this litigation. Because it appears to the Court that resolution of the merits of the Motion to Dismiss would be an advisory opinion on the application of the MPLA, the motion is **DENIED as moot**.

## III. Conclusion

For the foregoing reasons, Defendant HIMG's Motion to Dismiss (ECF No. 8) is **DENIED as moot.** The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: January 26, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE